**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DIGUAN XUAN,

Petitioner,

v.

ERIC H. HOLDER, Jr., Attorney General,

Respondent.

No. 07-74773

Agency No. A099-043-819

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted June 6, 2012
Pasadena, California

Before: B. FLETCHER, WARDLAW, and BYBEE, Circuit Judges.

Diguan Xuan, a 56-year-old native and citizen of China, petitions for review

of the Board of Immigration Appeals ("BIA") denial of his claims for asylum,

withholding of removal, and protection under the Convention Against Torture

based on the Immigration Judge's ("IJ") adverse credibility determination. We

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

have jurisdiction under 8 U.S.C. § 1252. We grant the petition and remand to the BIA.

The BIA reviewed the IJ's adverse credibility determination and expressly adopted five of the findings the IJ articulated in support of that determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010) (stating that we review the BIA's decision and any portion of the IJ's decision that the BIA expressly adopts). We review an adverse credibility determination for substantial evidence. *Id.* Under the REAL ID Act, the IJ and BIA may base an adverse credibility determination on any relevant factor relating to the petitioner's veracity. *Id.* at 1044. Neither the IJ nor the BIA based the adverse credibility determination on the petitioner's candor or demeanor. Instead, the IJ and the BIA based the adverse credibility determination on purported inconsistencies between Xuan's asylum application and hearing testimony, and omissions from the application.

The BIA's adverse credibility determination is not supported by substantial evidence. Considering the hearing transcript and Xuan's asylum application together, we conclude Xuan testified consistently in his asylum application about both the traffic on the day of the demonstration and when he was handcuffed. First, Xuan consistently testified that the taxi driver protest that he helped organize impacted local traffic, during the protest, by attracting a large crowd of onlookers.

Second, Xuan consistently testified that the police handcuffed him very soon after arriving at the public safety bureau with other protest leaders, where Xuan and the leaders thought they would be able to talk with municipal officials about their grievances. To the extent Xuan's testimony was confusing on this point, language and translation problems contributed to the ambiguity.[1]

Turning to the omissions identified by the BIA, "we have held that a mere lack of detail in the initial asylum application that the applicant later clarifies at the immigration hearing cannot serve as a basis for an adverse credibility finding." *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)(internal citations omitted). Also, "[o]missions are not given much significance because applicants usually do not speak English and are not represented by counsel" when they file asylum applications. *Kin v. Holder*, 595 F.3d 1050, 1056 (9th Cir. 2010).

---

[1] *See Ren v. Holder*, 648 F.3d 1079, 1088 n.7 (9th Cir. 2011); *Kaur v. Gonzales*, 418 F.3d 1061, 1064–65 (9th Cir. 2005) (noting that where the petitioner receives the assistance of a translator to aid in the preparation of the asylum application, courts have heightened concern about adverse credibility findings based on non-material or trivial details); *He v. Ashcroft*, 328 F.3d 593, 598 (9th Cir. 2003) (noting that "faulty or unreliable translations can undermine evidence on which an adverse credibility determination is based."); *Mendoza Manimbao v. Ashcroft*, 329 F.3d 655, 662 (9th Cir. 2003) ("[W]e have long recognized that difficulties in interpretation may result in seeming inconsistencies, especially in cases . . . where there is a language barrier.").

The three omissions from Xuan's asylum application that the BIA relied upon were mere details and are not relevant to credibility. Xuan's omission of an incident during the interrogation on the first day of his detention—the police banged his head against the wall—is relevant but not more than a detail. Xuan focused his claim for relief on the pain and injury caused by the police pulling and yanking on his hair during interrogation, and on the seven-day duration of police detention. For the same reason, Xuan's omission of a nonviolent, brief interrogation during his second day in detention is only minimally relevant. And Xuan's omission of the fact that the protest leaders talked to building security guards at the protest site before the police arrived to disperse the crowd is manifestly trivial.

Under the totality of the circumstances, the BIA's adverse credibility determination unreasonably relied upon details that are minor in comparison to the consistent, credible testimony Xuan gave when describing the protest and his arrest, interrogation, and detention. The record compels the conclusion that there is neither a "pattern of clear and pervasive inconsistency or contradiction," nor "repeated and significant inconsistencies" in Xuan's testimony that deprives his claims of "the ring of truth." *Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005).

After making the adverse credibility determination, neither the IJ nor the BIA considered the merits of Xuan's claims for relief. On remand, the BIA shall deem Xuan's testimony credible. *See Soto-Olarte v. Holder*, 555 F.3d 1089, 1094–95 (9th Cir. 2009) ("[T]he deemed credible rule may apply when it is evident that the IJ and BIA have both strained to provide reasons properly supporting an adverse credibility finding, but despite their best efforts have been unable to do so."). The BIA shall then decide, relying on his credible application and testimony, whether Xuan is entitled to any relief.

**PETITION GRANTED AND REMANDED TO THE BIA**.